UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RANDY BRITTON and CAROLYN BRITTON, <br><br> Plaintiffs, <br><br> v. <br><br> MARCUS, ERRICO, EMMER & BROOKS, P.C., JENNIFER BARNETT, and DEAN LENNON, <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * Civil Action No. 1:18-cv-11288-IT <br> * <br> * <br> * <br> * <br> * <br> * |

MEMORANDUM & ORDER

July 6, 2023

TALWANI, D.J.

Pending before the court is Plaintiffs Randy and Carolyn Britton's Amended Motion for Reconsideration [Doc. No. 182]. The Brittons request that the court reconsider its June 27, 2022 Memorandum and Order [Doc. No. 149] granting in part and denying in part Defendants' Motion for Summary Judgment [Doc. No. 140]. For the following reasons, the motion for reconsideration is DENIED.

This lawsuit arises out of a long-running dispute between the Brittons and their homeowners' association, Drummer Boy Homes Association, Inc. ("DBHA"), regarding unpaid parking fees. Mem. & Order 2-3 [Doc. No. 70] (citing Drummer Boy Homes Ass'n, Inc. v. Britton, 474 Mass. 17, 18-19, 47 N.E.3d 400 (2016)).

In this federal action, which followed the Brittons' loss to DBHA in state court, the Brittons alleged that Marcus, Errico, Emmer & Brooks, P.C., and two of its lawyers (collectively "MEEB"), violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Fair Debt Collections Practices Act ("FDCPA") in their efforts to collect, on behalf of DBHA,

the same fees that the Brittons unsuccessfully challenged in state court. Compl. ¶¶ 25-36 [Doc. No. 1].

In September 2019, the court dismissed the Brittons' First Amended Complaint [Doc. No. 19] for failing to state facts sufficient to state a claim and directed the Brittons that claims for relief must be clearly stated in the complaint and not by reference to other cases or documents. See Elec. Order [Doc. No. 42]. The Brittons then filed a Second Amended Complaint [Doc. No. 46], which MEEB moved to dismiss. Mot. to Dismiss [Doc. No. 54]. The court granted the motion as to the Brittons' claims under RICO and Mass. Gen. Laws ch. 93A in their entirety and dismissed as untimely their claims under the FDCPA based on conduct that allegedly occurred more than one year prior to the filing of the Brittons' complaint, but denied the motion as to three FDCPA claims that were not time-barred. Mem. & Order 14 [Doc. No. 70].

On December 28, 2020, the Brittons moved for reconsideration of the court's Memorandum and Order [Doc. No. 70] resolving the Motion to Dismiss [Doc. No. 54]. First Mot. for Reconsideration [Doc. No. 74]. The court denied the motion, concluding that the Brittons had failed to establish (1) "a manifest error of law," (2) "newly discovered evidence," or (3) that the court "has patently misunderstood a party . . . or has made an error not of reasoning but apprehension." Order [Doc. No. 77] (quoting Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 82 (1st Cir. 2008)). Written discovery commenced in February 2021 as to the three remaining claims. See Scheduling Order [Doc. No. 92].

In August 2021, the court denied the Brittons' four Motions to Compel [Doc. No. 98, Doc. No. 99, Doc. No. 101, Doc. No. 109], and granted MEEB's Motion to Compel [Doc. No. 97]. Mem. & Order 2 [Doc. No. 116]. The court concluded that the Brittons sought discovery

"far beyond the scope of their remaining claims" and that their "third-party discovery practices reflect[ed] a level of disregard for the imposition created by the unnecessary and burdensome document subpoenas they ha[d] served on non-parties." Id. at 2. The court concluded further that the Brittons had "refused to answer straightforward questions about the facts that support their remaining claims." Id.

On September 10, 2021, the Brittons filed another Motion for Reconsideration [Doc. No. 125], again focused on the court's Memorandum and Order [Doc. No. 70] (despite the court's order denying their prior motion for reconsideration). The court denied the motion "where the Brittons have again failed to establish a manifest error of law, newly discovered evidence, or that the court has patently misunderstood some aspect of this matter." Mem. & Order 4 [Doc. No. 134].

On February 22, 2022, Defendants filed their Motion for Summary Judgment [Doc. No. 140], seeking summary judgment on the three remaining FDCPA claims. The court granted the motion as to Plaintiffs' claim that in November 2017, a MEEB attorney signed and sent out a false and deceptive letter with a typewritten ledger entry for $17,179.04 in unposted legal fees, finding that MEEB was not acting as a debt collector under the FDCPA's primary definition of that term. Mem. & Order on Summ. Judg. 12 [Doc. No. 149]. The court denied the motion as to Plaintiff's two other claims. Id. at 14. In response, Plaintiffs filed another Motion for Reconsideration [Doc. No. 155], this time seeking reconsideration of the partial grant of summary judgment. Plaintiffs then requested to amend their motion, which the court allowed, and Plaintiffs filed their Amended Motion for Reconsideration [Doc. No. 182] on May 17, 2023, which is now pending before the court.

As the court has previously noted, the granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).

The Brittons' motion is expansive, but the crux of their argument is that the court erred in concluding that MEEB was not acting as a debt collector for purposes of the FDCPA because, in their view, "'newly discovered'" Korde and Associates emails, Ex. 1, Korbe-MEEB Emails [Doc. No. 178-1], show that MEEB was acting as a debt collector, not merely acting to enforce a lien. Fifth Mot. for Recon. 1-2 [Doc. No. 182]. Plaintiffs allege that the emails "between Korde and MEEB . . . highlight instances where MEEB asked Korde for payment outright, which is the purest form of primary purpose debt collection[.]" Id.

In response, Defendants note that the allegedly "newly discovered" emails are not the type of evidence appropriately considered on a motion for reconsideration because they are unauthenticated and would not be admissible evidence that could be considered on a motion for summary judgment. Opp'n 3 [Doc. No. 179] (citing Fed. R. Civ. P. 56).[1] Defendants further argue that Plaintiffs have not explained why the evidence was not previously available. The court assumes that Plaintiffs would be able to authenticate the documents at issue but agrees with Defendants that Plaintiffs have not met their burden of showing that newly available evidence requires reconsideration. To obtain relief on a motion for reconsideration based on newly discovered evidence, the moving party must demonstrate "that [it] could not in the exercise of reasonable diligence have obtained [the] new evidence earlier." City of Miami Fire Firefighters' and Police Officers' Ret. Tr. v. CVS Health Corp., 46 F.4th 22, 36 (1st Cir. 2022).

---

[1] Rule 56(b)(2) cited by Defendants does not support the stated proposition, but the proposition is supported by Rule 56(c)(2).

The Brittons have not explained why the documents were not previously available. This is insufficient to warrant reconsideration based on newly discovered emails. See Palmer, 465 F.3d at 31.

Plaintiffs also argue that the court manifestly misunderstood Obduskey v. McCarthy & Holthus LLP, 139 S. Ct. 1029 (2019), in holding that the case applied to the question of whether Defendants were acting as debt collectors. See Mem. & Order on Summ. Judg. 10 [Doc. No. 149]. In Obduskey, the Supreme Court held that a law firm was not a general purpose debt collector for purposes of the FDCPA where it was engaged in no more than enforcing security interests in nonjudicial foreclosure proceedings in a manner required by state law. Obduskey, 139 S. Ct. at 1038-39. Plaintiff contends that MEEB's actions were different than the lien-enforcing activities the Supreme Court identified in Obduskey. See Fifth Mot. for Recon. 12-16 [Doc. No. 182]. None of Plaintiffs' arguments demonstrate that the court made a manifest error of law in determining that Obduskey applied where Defendants were seeking to enforce a lien as required by state statute. See Mem. & Order on Summ. Judg. 10-11 [Doc. No. 149]. Moreover, as Defendants point out, "none of the emails the plaintiffs offer as newly discovered evidence even remotely suggests that MEEB was doing anything other than lien enforcement." Opp'n 4 [Doc. No. 179].

As for the rest of Plaintiffs' contentions, they largely either repeat arguments made during and before summary judgment, such as the impropriety of the original debt, see Markel Am. Ins. Co. v. Diaz-Santiago, 674 F.3d 21, 31 (1st Cir. 2012) (holding that a party moving for reconsideration may not repeat arguments previously made during summary judgment), or request relief that is not within the court's power, like voiding facially valid state court judgments, see Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F.3d 61, 64-65 (1st Cir. 2018)

(noting that Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments [that were] rendered before the district court proceedings commenced and invit[e] district court review and rejection of those judgments.").

Where the Brittons have again failed to establish a manifest error of law, newly discovered evidence, or that the court has patently misunderstood some aspect of this matter, their Amended Motion for Reconsideration [Doc. No. 182] is DENIED.

IT IS SO ORDERED

July 6, 2023                                    /s/ Indira Talwani
                                                United States District Judge