UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RANDY BRITTON and CAROLYN BRITTON, <br><br> Plaintiffs, <br><br> v. <br><br> MARCUS, ERRICO, EMMER & BROOKS, P.C., JENNIFER BARNETT, DEAN LENNON, KORDE & ASSOCIATES, P.C., and JULIE RANIERI, <br><br> Defendants. | * <br> * <br> * <br> * <br> * Civil Action No. 1:18-cv-11288-IT <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

MEMORANDUM & ORDER

October 26, 2023

TALWANI, D.J.

Pending before the court is Plaintiffs Randy Britton and Carolyn Britton's Motion to Alter or Amend the September 25, 2023 Amended Judgment [Doc. No. 224]. For the following reasons, Plaintiffs' Motion is DENIED.

**I.     Discussion**

Plaintiffs ask the court to vacate the Amended Judgment [Doc. No. 221] in this case and stay the case for 90 days "so that the Brittons will have time to vacate the state court judgments." Mot. 1 [Doc. No. 224]. In support of their request, the Brittons argue that they have "newly discovered and newly created evidence" that shows that Defendants illegally collected money from the Brittons. Id. at 2.

Defendants respond that the Brittons have not presented a legitimate ground for relief under Fed. R. Civ. P. 59(e), which requires that a motion to alter or amend a judgment be based on a "manifest error of law or fact" or on "newly discovered evidence." Opp. 1 [Doc. No. 225] (quoting Zukowski v. St. Lukes Home Care Program, 326 F.3d 278, 282 n.3 (1st Cir. 2003)).

Defendants contend that "newly created evidence" is not a category recognized by the law, and Rule 59(e) "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment" Id. (quoting Zukowski, 326 F.3d at 282 n.3)).

To the extent that the Brittons seek to reopen and stay this case because of ongoing proceedings in state court, that argument is unavailing. This is the same argument that the Brittons have previously made and the court has already rejected. See, e.g., Elec. Order [Doc. No. 220]; Elec. Order [Doc. No. 212]. "The repetition of previous arguments is not sufficient to prevail on a Rule 59(e) motion." United States v. $23,000 in U.S. Currency, 356 F.3d 157, 165 n.9 (1st Cir. 2004).

The court also agrees that "newly created evidence" is not a category recognized by Rule 59(e). To the extent that the Brittons seek to vacate the judgment because of "newly discovered evidence" (as distinct from "newly created evidence"), they have not presented information sufficient for the court to determine what the "newly discovered" evidence is, or when it was discovered. See Mot. 5 [Doc. No. 224] (referencing "newly discovered / created reconstruction of the books and evidence" collectively); id. at 6 (referencing "newly discovered evidence" without identifying it); id. at 8 (stating "I will attach the majority of the new and newly evidence in an attached .pdf file"); Appendix of New and Newly Created Evidence [Doc. No. 224-1] (table of data, with no specific identification of new evidence). While Plaintiffs contend that "it has taken years to reconstruct the records because the payment applications are peculiarly within the exclusive knowledge of MEEB and the management company," they do not identify when they obtained the information used for that reconstruction.

## II.     Conclusion

In sum, Plaintiffs' "reconstruction" of Defendants' financial records does not satisfy Rule 59(e)'s requirement that motions to alter or amend a judgment be based on "newly discovered evidence." Accordingly, the <u>Motion to Alter or Amend the September 25, 2023 Amended Judgment</u> [Doc. No. 224] is DENIED.

October 26, 2023                                                        /s/Indira Talwani
                                                                                United States District Judge